KING, C.J.,
Concurring in Part, Dissenting in Part.
¶ 23. I agree with the majority that the JNOV should be reversed. However, I *615 believe the appropriate disposition to be the reinstatement of the original jury verdict. This matter was very ably addressed by Judge Irving in his separate opinion in Hearn v. Brown, 876 So.2d 380 (Miss.Ct.App.2003), which I would incorporate by reference.
¶24. Clearly all of the language of M.R.C.R. 50(c)(1) must be given reasonable effect. The majority opinion fails to do so. Within the body of M.R.C. R. 50(c)(1) is found this statement, “In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered.” (emphasis added)
¶ 25. It is this last emphasized phrase which I find the majority opinion to have disregarded. The only possible purpose for this phrase would be to allow this Court to not only reverse the grant of a JNOV, but also reinstate the original jury verdict.
BRIDGES, P.J., IRVING AND MYERS, JJ., JOIN THIS SEPARATE OPINION.